

**FILED**
**MAY 11, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JACK EDWARD RICHARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0212 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JACK EDWARD RICHARDS. By his habeas application, petitioner challenges a prison disciplinary proceeding held August 12, 2008 at the Clements Unit in Potter County, Texas, wherein petitioner was found guilty of trafficking and trading and punishment assessed included the loss of thirty (30) days previously accrued good time.[1] *See* No. 20080338429. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED.

---

[1] At the time he filed this habeas application, petitioner was in respondent's custody pursuant to three (3) convictions: (1) a February 12, 1996 conviction out of Potter County, Texas, for the offense of possession of a weapon in a penal institution, and the resultant 15-year sentence, *State v. Richards*, No. 33544-C; (2) an April 25, 1991 conviction out of Tarrant County, Texas, for the offense of theft of property, and the resultant 10-year sentence, *State v. Richards*, No. 0438728W; and (3) an April 25, 1991 conviction out of Tarrant County, Texas for the offense of burglary of a building, and the resultant 10-year sentence running concurrently with the sentence for theft, *State v. Richards*, No. 0438727W. Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings is unnecessary as petitioner complains solely of the August 12, 2008 disciplinary proceeding.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal due process rights were violated with regard to the disciplinary proceeding in Case No. 20080338429 because:

1. Petitioner was denied the right to call and question witnesses at the disciplinary hearing;

2. There was insufficient evidence to support the guilty finding because the evidence did not establish petitioner had knowledge of the funds that were deposited in his account or whether he could have stopped the transfer of funds to his account;

3. Petitioner was not timely charged with the disciplinary offense because it was not brought within thirty (30) days after prison officials learned of the offense; and

4. Petitioner was denied effective assistance of counsel because counsel substitute did not collect statements from certain witnesses or call those witnesses for live testimony at the disciplinary hearing.

II.
MOOTNESS OF PETITION

On September 2, 2009, this Court received correspondence from petitioner wherein he advised the Court he was released from prison on August 26, 2009 to mandatory supervised release. Petitioner also advised the Court of a new address in Fort Worth, Texas. Inquiry to TDCJ-CID reveals petitioner was, in fact, released to mandatory supervision on August 26, 2009.

The only relief available to petitioner in this matter was the restoration of the 30-days previously accrued good time credits forfeited by the disciplinary action. As petitioner has been released and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise

affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervised release, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement, and that such petition should be dismissed.

### III.
### MERITS

Even if this Court were to consider petitioner's claims, it appears relief would be denied. Petitioner did not adequately exhaust his administrative remedies as to certain claims and, thus, such claims are procedurally barred. Additional claims are conclusory and thus fail to state a cognizable claim for federal habeas corpus relief. Moreover, it appears petitioner was provided with all of the due process procedures mandated by *Wolff v. McDonald*, 418 U.S. 539, 556-70 (1974). Further, there is some evidence in the record to support the finding of the disciplinary hearing officer. In addition, although such claims are not cognizable on federal habeas review, it does not appear that any violations of TDCJ-CID policy and procedure, even if they did occur, denied petitioner a fair hearing or that any errors committed had a substantial and injurious effect of influence in determining the hearing's outcome. Lastly, any claim of ineffective assistance of counsel substitute in a prison disciplinary proceeding is not cognizable on federal habeas review.

### IV.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JACK EDWARD RICHARDS be DISMISSED as moot.

### V.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of May, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).